**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

DARION STARGELL,

Petitioner,

v. CIVIL ACTION NO. 5:24-cv-00377

MR. W. HOLZAPFEL,

Defendant.

**ORDER**

Pending is Petitioner Darion Stargell's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed July 25, 2024. [ECF 1]. Also pending is Defendant Holzapfel's Motion to Dismiss Petition, filed August 21, 2026. [ECF 19]. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [ECF 4]. Magistrate Judge Aboulhosn filed his PF&R on September 11, 2026. [ECF 22]. Magistrate Judge Aboulhosn recommended that the Court grant Defendant Holzapfel's Motion to Dismiss Petition and remove the matter from the Court's docket. [*Id.* at 3].

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-*

*Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on September 28, 2026.[1] No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [ECF 22], **GRANTS** Defendant's Motion to Dismiss Petition [ECF 19], and **DISMISSES** Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. [ECF 1].

The Court **DIRECTS** the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: November 2, 2026

Frank W. Volk
Chief United States District Judge

[1] On September 24, 2026, the copy of the PF&R sent to Mr. Stargell at FCI Beckley was returned as undeliverable due to Mr. Stargell being released from custody on May 1, 2026. [ECF 23]. Mr. Stargell has failed to provide the Court with an updated address. Therefore, the copy of the PF&R will not be resent. [*Id.*].